UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
*Plaintiff,*

v.

ROBBIE SMITH,
*Defendant.*

No. 3:19-cr-00050 (VAB)

**RULING AND ORDER ON MOTION TO WITHDRAW GUILTY PLEA**

On April 22, 2021, Robbie Smith ("Defendant") filed a motion to withdraw his plea of guilty, which he entered before this Court on July 18, 2019. *See* Mot. to Withdraw Guilty Plea, ECF No. 84 (Apr. 22, 2021) ("Mot. to Withdraw"). The Government has opposed this motion. *See* Gov't Opp'n to Def.'s Mot. to Withdraw His Guilty Plea, ECF No. 85 (Apr. 30, 2021) ("Opp'n"). Accordingly, the Court held a hearing on November 8, 2021. *See* Min. Entry, ECF No. 90 (Nov. 8, 2021).

For the following reasons, the motion is **DENIED**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On February 20, 2019, a grand jury indicted Mr. Smith on three counts: (1) unlawful possession of a firearm by a felon, *see* 18 U.S.C. § 922(g) ("Count One"); (2) possession with intent to distribute cocaine base/crack cocaine, *see* 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Two"); and (3) possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i) ("Count Three"). *See* Indictment, ECF No.1 (Feb. 20, 2019). Mr. Smith thereafter was arrested and held in pretrial detention. *See generally* Order of Detention, ECF No. 13 (Mar. 5, 2019). He pled not guilty as to all counts. *See* Min. Entry, ECF No. 9 (Mar. 5, 2019).

1

On July 3, 2019, approximately a month before the scheduled trial, Mr. Smith filed a "Notice of Intent to Plead to Count One." Def.'s Notice of Intent to Plead to Count One, ECF No. 26 (July 3, 2019). At the time, the parties had not reached a plea agreement. *Id.* According to the notice, Mr. Smith intended to enter a plea of guilty to Count One "without a plea agreement with the [G]overnment." *Id.* In the absence of such a plea agreement, none was entered.

The parties then appeared before this Court on July 18, 2019 to enter a change of plea. *See* Min. Entry, ECF No. 31 (July 18, 2019). In advance of the hearing, Mr. Smith's attorney requested additional time to discuss a "very recent" proposal from the government regarding the plea. *See* Tr. at 16:14, 17:1-4, ECF No. 50 (Dec. 30, 2019) ("Tr."). The Court granted that request, and Mr. Smith discussed the most recent proposal with his counsel. *See id.* at 15–17.

Following discussion of the recent proposal by Mr. Smith and his attorney, the parties presented a plea agreement to the Court. In that agreement, Mr. Smith agreed to plead guilty to Counts One and Two of the Indictment. Plea Agreement, ECF No. 32 (July 18, 2019) ("Plea Agreement"). The agreement preserved the possibility that, at sentencing, Mr. Smith would qualify as a "career offender" under U.S.S.G. § 4B1.1. *Id.* at 6. Mr. Smith, however, preserved his right "to challenge that he is a career offender and/or to argue that [the] Chapter Two Guidelines should apply instead." *Id.*

On July 18, 2019, the Court held a Rule 11 hearing. *See* Min. Entry, ECF No. 31 (July 18, 2019). At the hearing, the Court emphasized that it was "in no hurry" and requested that Mr. Smith confirm understanding. Tr. at 3:5; *see also id.* at 3:5-10 (asking Mr. Smith "to make sure that you completely understand what you are doing here today. If at any time during this proceeding you have any questions or problems or you need more time to speak with [your

2

attorney], [. . .] [the Court] will give you all of the time that you need"). Mr. Smith confirmed that his mind was clear and that he understood the proceedings. *Id.* at 6:12-17.

He further confirmed that he had an opportunity to discuss his case with his attorney and was satisfied with the representation provided. *Id.* at 9:10-21. Following extensive discussion of the plea agreement, as well as a statement from Mr. Smith regarding his culpability, *see id.* at 38:10-25, 39:1-20, the Court accepted the plea, and Mr. Smith signed the plea agreement, acknowledging "his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law[,]" and his "complete satisfaction with the representation and advice received from his undersigned attorney," *see* Plea Agreement at 9; *see also* Tr. at 46:12-25, 47:1-8.

Several months later, in November of 2019, Mr. Smith sought to replace his counsel. *See* Mot. to Withdraw as Att'y, ECF No. 41 (Nov. 14, 2019). The Court granted that request and appointed Attorney Francis L. O'Reilly as new counsel. *See* Order Granting Mot. to Withdraw, ECF No. 43 (Nov. 15, 2019).

On April 22, 2021, Mr. O'Reilly filed a motion to withdraw Mr. Smith's guilty plea. *See* Mot. to Withdraw. The Government filed its opposition to that motion on April 30, 2021. *See* Opp'n. In light of the pending motion, the Court has continued the sentencing date. *See* Order, ECF No. 88 (May 25, 2021).

## II.     STANDARD OF REVIEW

Under Rule 11 of the Federal Rules of Criminal Procedure, a criminal defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes [a] sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "[A] defendant who seeks to withdraw his plea 'bears the burden of satisfying the

3

trial judge that there are valid grounds for withdrawal, taking into account any prejudice to the government.'" *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) (quoting *United States v. Quinones*, 906 F.2d 924, 928 (2d Cir. 1990) (internal quotation marks omitted)).

"A defendant has no automatic entitlement to have such a motion granted, for society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997) (internal citations and quotation marks omitted). Accordingly, "[t]he fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *Gonzalez*, 970 F.2d at 1100 (internal citation omitted).

### III.   DISCUSSION

When determining whether the defendant has shown a "fair and just reason" to justify withdrawal under Rule 11, the Court considers the following factors: "(1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Schmidt*, 373 F.3d 100, 102–03 (2d Cir. 2004) (internal citations omitted).

In addition to the three factors outlined above, "[c]ourts may also look to whether the defendant has 'raise[d] a significant question about the voluntariness of the original plea.'" *Schmidt*, 373 F.3d at 103 (quoting *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) (alteration in original)). "'Ineffective assistance of counsel during plea negotiations can

4

invalidate a guilty plea and make granting withdrawal appropriate, to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty.'" *United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008) (quoting *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005)).

The Court will review each of the three *Schmidt* factors below, in addition to factors related to the voluntariness and effectiveness of counsel in Mr. Smith's guilty plea.

### A. Legal Innocence

First, the Court considers whether Mr. Smith has asserted his legal innocence. In his motion to withdraw his guilty plea, Mr. Smith does not allege lack of culpability for the crimes at issue.

Moreover, the transcript from the plea allocution includes explicit statements of guilt by Mr. Smith. During that proceeding, while under oath, Mr. Smith stated that he "possessed a firearm," as relevant to Count One, and further confirmed that he knowingly and intentionally possessed and intended to distribute crack cocaine, as relevant to Count Two. *See* Tr. at 38:10-25, 39:1-20. "[S]tatements at a plea allocution carry a strong presumption of veracity," and the Court may rely on those statements when determining whether to permit a defendant to withdraw an otherwise valid guilty plea. *Doe*, 537 F.3d at 213 (finding that "the district court did not abuse its discretion in declining to hold an evidentiary hearing on the defendant's motion"). Mr. Smith has not provided any new information or allegations that would give rise to a cognizable claim of legal innocence at this time.

Accordingly, Mr. Smith has not met his burden with respect to the first factor in *Schmidt*.

### B. Timing

Second, the Court considers "the amount of time that has elapsed between the plea and the motion[.]" *Schmidt*, 373 F.3d at 102. Mr. Smith entered his guilty plea on July 18, 2019. His motion to withdraw the guilty plea was filed on April 22, 2021, almost two years after his guilty plea was entered. While the Court is sympathetic to delays that may have resulted in filing as a result of the COVID-19 pandemic, Mr. Smith had months before the onset of that national crisis to raise any concerns about his plea. This significant delay weighs against the withdrawal of Mr. Smith's plea. *See Doe*, 537 F.3d at 213 (denying motion to withdraw guilty plea, noting that "the fact that the defendant waited five months to file his motion strongly supports the district court's finding that his plea was entered voluntarily").

Accordingly, Mr. Smith has not met his burden with respect to the second factor under *Schmidt*.

### C. Prejudice

Third, the Court considers whether the Government would be prejudiced by a withdrawal of Mr. Smith's plea. *Schmidt*, 373 F.3d at 103. The potential prejudice to the Government in this case is clear. *Cf. United States v. Vasquez*, No. 3:15-CR-00120 (VAB), 2017 WL 902851, at *4 (D. Conn. Mar. 7, 2017), *aff'd sub nom. United States v. Albarran*, 943 F.3d 106 (2d Cir. 2019). As a result of Mr. Smith's guilty plea in 2019, the Government ceased its investigation. To require the Government to reinstate that investigation now, almost two years later, means that evidence and witnesses may no longer be available. The Court need not ask the Government to recreate its case, especially in light of Mr. Smith's significant delay. *See United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997) ("The defendant bears the burden of showing that there are

valid grounds for relief. [. . .] Only if the defendant makes such a showing will the government be required to show prejudice[.]" (internal citations omitted)).

Accordingly, this third and final factor under *Schmidt* also weighs against granting the motion to withdraw the plea.

### D. Additional Factors

In addition to the three factors outlined in *Schmidt*, district courts may consider whether the defendant was coerced into entering a guilty plea. *See Torres*, 129 F.3d at 715 ("To get permission to withdraw a guilty plea, a defendant must raise a significant question about the voluntariness of the original plea."). Mr. Smith, however, has not demonstrated any plausible concerns regarding the voluntariness of his plea. Mr. Smith's allegations that he did not fully understand the consequences of pleading guilty to both counts, and especially did not understand that his guilty plea to Count Two may result in his classification as a "career offender" at sentencing, *see* Mot. to Withdraw at 3, do not withstand scrutiny.

The transcript of the Rule 11 hearing reflects that the Court granted Mr. Smith and his lawyer time before the hearing to discuss a new plea offer from the Government. *See* Tr. at 16:14, 17:1-4. Before accepting Mr. Smith's plea, the Court asked Mr. Smith whether he had read the plea agreement carefully and whether he would "like a recess or more time to review the plea agreement or talk to [his attorney] about whether this really is an agreement [he] wish[es] to enter into[.]" Tr. at 18:1-8. Mr. Smith responded, "No sir." *Id.* Mr. Smith thereafter signed the plea agreement, which contains an acknowledgement of guilt and voluntariness of plea. *See* Plea Agreement.

Further, at the plea allocution, the Government counsel explained that "the [G]overnment believes that the [D]efendant qualifies as a career offender under Section 4B1.1 of the sentencing

7

guidelines," while noting that "the defendant reserves his right to challenge that he[] [i]s a career offender and to advocate that the base offense level should be determined under Chapter 2 of the guidelines rather than under the career offender section of the guidelines." Tr. at 20:23-25, 21:1-25. Following this explanation, and review of the plea agreement terms by the Court, Mr. Smith confirmed that he wished to plead guilty to Count One and Count Two of the Indictment. *See id.* at 30–50. Mr. Smith's "bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *See Torres*, 129 F.3d at 715.

Finally, notwithstanding Mr. Smith's concerns about his prior counsel, the plea agreement offered Mr. Smith a significant reduction in any potential sentence by not only offering a three-point reduction for acceptance of responsibility, but also dismissing Count Three of the indictment, which carries a mandatory term of imprisonment of five years. *See* Plea Agreement at 6, 10; *see also* 18 U.S.C. § 924(c)(1)(A) ("[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years[.]").

The withdrawal of Mr. Smith's guilty plea therefore is not warranted on these grounds. *See Doe*, 537 F.3d at 210 (withdrawal of guilty plea not appropriate where, "given the overwhelming proof of the defendant's guilt . . . and the likelihood of a life sentence if convicted at trial, [defendant's] decision to plead guilty was 'clearly in his interests'").

On this record, months after voluntarily entering into a plea agreement, Mr. Smith appears to have changed his mind. These circumstances, without substantially more, do not

constitute a "sufficient reason to permit withdrawal of a plea." *Gonzalez*, 970 F.2d at 1100 (internal citation omitted).

Accordingly, Mr. Smith's motion to withdraw will be denied.

## IV. CONCLUSION

For the foregoing reasons, Mr. Smith's motion to withdraw guilty plea is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of November, 2021.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge